## IN THE MATTER OF THE COMPLAINT AGAINST E. HELEKUNIHI, DISTRICT MAGISTRATE OF WAILUKU, MAUI.

MALFEASANCE IN OFFICE.

SUBMITTED MARCH 30, 1896.          DECIDED MAY 14, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

A District Magistrate removed from office for cause.

OPINION OF THE COURT BY JUDD, C.J.

This is a complaint against E. Helekunihi, Esq., District Magistrate of Wailuku, Island of Maui, preferred by the Attorney-General, charging that the respondent, on the 18th of November last, in Wailuku, Maui, corruptly accepted a bribe of twenty-four dollars from one Lum Pak, under an agreement and understanding that in the exercise of respondent's function as District Magistrate he would acquit and discharge certain defendants in the case of the Republic of Hawaii v. Lum Pak and others, charged with gaming, which case was then and there pending before him. The Attorney-General prays that on proof of the charge the respondent be dismissed from office.

The evidence on the part of the prosecution is succinctly as follows: On the 17th of November an arrest of several Chinese had been made at Kahului on the charge of gaming. They were taken to Wailuku court house and soon after released on bail. Information came to the Sheriff of Maui, L. A. Andrews, that the District Magistrate was willing to take a bribe of twenty dollars in order to acquit these parties, who were to be tried the

following day, Monday. (The case was on Monday postponed ⟋ to the next day.) The sheriff thereupon marked twenty Hawaiian silver dollars by making a small, shallow hole in the ball surmounting the crown over·the coat of arms, entrusted them to Lum Pak, a Chinaman, who was instructed to offer them to the magistrate as a bribe. Captain of Police Lindsay accompanied the Chinaman to the magistrate's house and remained outside while the Chinaman went in, the door having been opened to him by the magistrate. After being in the house some minutes the Chinaman came out and reported that the judge would not take $20. The money was accordingly returned to the sheriff, and with four more dollars similarly marked and the previously mentioned twenty dollars, Lum Pak, having heard from one Lee Long, a washerman, that the judge would take $24, went again the next evening, Captain Lindsay following him and remaining in the yard under a mango tree some 25 feet distant from the judge's house. The witness, Lum Pak, says that the magistrate expressed his willingness to take the money and to acquit the Chinamen whose case was pending, and that he paid it to Mrs. Helekunihi, the respondent's wife, in the magistrate's presence, he. counting the coin out into her hands. Officer Lindsay says that he saw the figures of these three persons from his standing place outdoors, looking through the window, and saw Lum Pak hand something to Mrs. Helekunihi in the manner described. This being reported to the sheriff, he obtained, on Tuesday, a warrant from the Circuit Judge for the arrest of the magistrate for· receiving a bribe, and also a search warrant to find the marked money as evidence. On reaching the house, in company with the Circuit Judge, and, confronting Mr. and Mrs. Helekunuhi with the charge, they severally denied all knowledge of that matter. After a search the sheriff found the marked money in an envelope in the back part of a bureau drawer in Mrs. Helekunihi's bedroom, the contents of the drawer being in confusion and concealing the envelope containing the money from the casual observer. On being told that the money was marked, they both expressed surprise, and were then shown the marks. But

neither offered any explanation as to how the money came there, who brought it, or for what purpose, both expressing complete ignorance, though not claiming the money as their own when it was taken away by the sheriff.

On Wednesday, after the case of the magistrate on the charge of receiving a bribe had been called before the Circuit Judge and continued, it was said in behalf of Mr. Helekunihi and his wife that the money had been brought to their house by Lum Pak the evening in question as purchase money of a lot of dried fish that had come to Mrs. Helekunihi for sale, and which she had been retailing for some days past; and this is the defense they offered before us.

It is beyond all doubt true that twenty-four dollars were that evening delivered by the witness Lum Pak to Mr. and Mrs. Helekunihi. The purpose for which it was taken by them is not so well proved. The corroboration of Officer Lindsay is only to the fact of the payment, but not of its object, as he heard nothing of the conversation. We should hesitate before condemning a man of such good standing as Mr. Helekunihi on the evidence of a Chinese witness who was apparently acting as an informer and had a strong motive to ensnare the magistrate and win favor with the police. If it were true that he delivered the money to the magistrate's wife to pay for fish he had engaged, it was an innocent transaction, and there is no reason conceivable why both Mr. and Mrs. Helekunihi should not have immediately told the sheriff that a Chinaman had been there that evening and had given them twenty-four dollars for fish, and show the money, and thus avoid an unpleasant search for it. If the story were true, there was every motive on respondent's part to relate it to the sheriff or to the Circuit Judge, who gave them every opportunity to do so before they were informed that processes had been taken out against him. Their silence when they were called upon to speak is inconsistent, in our opinion, with their innocence.

But they went further than merely keeping silence. Mr. Helekunihi denied that the Chinaman came the evening before and

that the money in question had been received. And yet he admits that the Chinaman came to him Sunday evening and offered him the bribe, and Mrs. Helekunihi testified that she told her husband about the transaction the previous evening, and Officer Lindsay testified that Mr. Helekunihi was present when the Chinaman paid the money.

We refrain from commenting at length upon some parts of the testimony of Mr. and Mrs. Helekunihi which would make us doubt their sincerity, but many unessential details were woven into their narratives with the apparent intention of influencing the court in their favor. We are not impressed with the argument of counsel that the respondent was on such terms of hostility with the sheriff that he did not feel called upon to make any explanation, but assumed the attitude of one accused, reserving his defense. They, however, did not decline to talk at all with the sheriff, but said repeatedly, "We know nothing about this thing."

It is a painful duty to have to pass in condemnation upon the respondent, a man who has held many offices for a long series of years, and has had the confidence of several successive administrations, but men of good intentions but of not very strong wills sometimes yield to temptations when they feel confident that detection will not follow. We have an abiding conviction that the respondent is one of this class, and that his offense is proven, and accordingly adjudge and order that he be dismissed from the office of District Magistrate of Wailuku.

*Attorney-General Smith,* for prosecution.

*W. A. Kinney,* for respondent.